SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. No. 13-cr-115-NT |
| | ) |
| MICHAEL MURPHY | ) |

### AGREEMENT TO PLEAD GUILTY
### (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Thomas E. Delahanty II, United States Attorney for the District of Maine, and Daniel Perry, Assistant United States Attorney, and Michael Murphy (hereinafter "Defendant"), acting for himself and through his counsel, David Beneman, Esquire, enter into the following Agreement based upon the promises and understandings set forth below:

1. Guilty Plea.

Defendant agrees to plead guilty to Counts One through Three of the Superseding Information pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). Count One of the Information charges the Defendant with conspiracy to distribute and possess with intent to distribute a mixture or substance containing oxycodone. Count Two charges the Defendant with possessing a firearm after having been convicted of a felony offense. Count three charges the defendant with the illegal possession of a machine gun.

2. Sentencing/Penalties.

Defendant agrees to be sentenced on the charges described above. Defendant understands that the penalties that are applicable to the charges described above are as follows:

Count One

A. A term of imprisonment of no more than 20 years;

1

B. A maximum fine of one million dollars ($1,000,000)

C. A term of supervised release of not less than 3 years and not more than life. Defendant understands that the Defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the Defendant to serve up to 2 additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. §3583.

Counts Two and Three

On each Count:

A. A term of imprisonment of no more than 10 years;

B. A maximum fine of two hundred fifty thousand dollars ($250,000)

C. A term of supervised release of not more than 3 years. Defendant understands that the Defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the Defendant to serve up to 2 additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. '3583.

In addition to these penalties, a mandatory special assessment of $100.00 for each count of conviction will be imposed which Defendant agrees to pay at or before the time that he enters a guilty plea. In addition, the Court may/must also order the Defendant to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

3. Agreements Regarding Sentencing:

The parties agree to make the following non-binding recommendation as to sentencing:

The parties agree to recommend that the Court find that the defendant has accepted responsibility for the offenses of conviction, and that the Court should reduce the defendant's

Adjusted Offense Level by three levels under USSG § 3E1.1. The government reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between his execution of this Agreement and sentencing, the defendant (a) fails to admit a complete factual basis for the plea, (b) fails to truthfully admit his conduct in the offense of conviction, (c) engages in conduct which results in an adjustment under U.S.S.G. § 3C 1.1; or (d) falsely denies or frivolously contests relevant conduct for which the defendant is accountable under USSG § 1B1.3. Defendant understands that he may not withdraw the guilty plea if, for any of the reasons listed above, the government does not recommend that he receive a reduction in Offense Level for acceptance of responsibility;

The parties expressly agree and understand that should the Court reject this recommendation, the Defendant will not thereby be permitted to withdraw his plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

4. Appeal Waivers.

Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

a. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

b. A sentence of imprisonment that does not exceed 120 months.

The Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The number of months mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

5. Consequences of Breach.

If Defendant violates or fails to perform any obligations under this agreement ("a breach"), the United States will be released from its obligations hereunder and may fully prosecute the Defendant on all criminal charges that can be brought against the Defendant. With respect to such a prosecution:

a. The United States may use any statement that the Defendant made pursuant to this agreement, including statements made during plea discussions and plea colloquies, and the fact that the Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

b. Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this agreement is signed by the parties. If the United States chooses to exercise its rights under this paragraph, the determination of whether the Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish the Defendant's breach by a preponderance of the evidence.

6. Speedy Trial Waiver.

Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in

4

Paragraph 5 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. The Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

7. Forfeiture.

Defendant agrees to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States.

8. Validity of Other Agreements; Signature.

This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant. However, in the event that the defendant fails to enter his guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the court determines that the defendant has not breached this agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 10/29/13

Michael Murphy, Defendant

I am legal counsel for Michael Murphy. I have carefully reviewed every part of this Agreement with my client. To my knowledge, Michael Murphy's decision to enter into this Agreement is an informed and voluntary one.

Date: 10/29/13

David Beneman, Esquire

5

Attorney for Defendant

FOR THE UNITED STATES:

Thomas E. Delahanty II
United States Attorney

Date: 10-30-13

Daniel J. Perry
Assistant U.S. Attorney
Approved:
Supervisory Assistant U.S. Attorney

6